## MARTIN, administrator, *v.* NEWTON.

1. Where a testator created a trust in realty for his son non compos mentis, and imposed on the appointed trustee the duty to hold the property for the use of that son for his life or the continuance of his lunacy, applying any necessary part of the income to his comfort, and dividing the remaining part (after paying specified expenses) among testator's lawful heirs, the trustee took the legal title and the beneficiary son took the equitable title.

2 An admission, in the defendant's answer, of an allegation that the title to the property under the will was vested in the beneficiary son was not conclusive on the question of what title he had.

3. A sheriff's deed on levy and sale, after due advertisement, of the realty in 1891, under judgment and execution against the trustees, constituted color of title, and occupancy thereunder by the grantee and successive transferees ripened into prescription which barred an action to recover the realty, begun in 1927, by the administrator of the beneficiary of the trust.

No. 6223. MARCH 14, 1928. REHEARING DENIED APRIL 16, 1928.

Complaint for land. Before Judge Persons. Monroe superior court. August 4, 1927.

Adverse Possession, 2 C. J. p. 175, n. 81.
Pleading, 31 Cyc. p. 213, n. 29.
Wills, 40 Cyc. p. 1386, n. 85; p. 1768, n. 51,

The will of E. M. Amos contained the following provisions: "Item 3. I give and bequeath to my son, John E. Amos, now confined in the lunatic asylum near Milledgeville, Georgia, my one-story brick shingle-roof storehouse with the lot on which it is located on the north side of Main Street, Forsyth, Ga., the same to be kept insured against loss by fire and kept in good repair out of the rent of same—said property valued at $1335. . . Item 10. I hereby appoint my son, W. B. Amos, as trustee for my son, John E. Amos, to hold for the use of the said John E. the property herein bequeathed to him for and during the term of his life or the continuance of his lunacy, and to apply such portion of the income of said property to the use of the said John E. as the said trustee shall deem necessary for the comfort of said John E., and the remainder of any such income, after paying any expenses for taxes, insurance, and repairs, shall be equally divided annually among my lawful heirs." George S. Martin, as administrator upon the estate of John E. Amos, who died in October, 1926, filed a petition to recover possession of the above property from Mrs. J. W. Newton, and the rents and profits he alleged she had been enjoying since February 1, 1926. He alleged that his intestate and the defendant "derived their title from E. M. Amos, the common grantor; and that the title of defendant was acquired subsequent to the death of E. M. Amos and subsequent to the title of said John E. Amos, and the latter was insane from the time his title accrued until his death;" that title was in the estate of John E. Amos by virtue of said will, which was duly probated; and that if defendant had any title it was inferior to the title of the estate of John E. Amos. Mrs. Newton's answer admits that E. M. Amos was a common grantor, and that John E. Amos derived his title under said will; and alleges that the defendant derived her title under a series of deeds; that W. B. Amos, trustee, died, and R. L. Fort was duly appointed trustee of John E. Amos in his stead, and qualified; that Fort, as such trustee, and as administrator of Anna Amos, filed a bill against the administrators of W. B. Amos, alleging misappropriation of funds, and praying for an accounting, which matter was referred to R. L. Berner, Esq., as auditor; that said auditor filed a report finding in favor of Fort as trustee $1000 principal and $246.46 interest, upon which a judgment was awarded; that by consent a judgment

was entered, awarding said auditor $100 as his fee, half to be paid by plaintiff and half by defendants in said litigation; that execution issued upon said judgment for the auditor's fee, and defendants paid their half, but Fort refused to pay his or any portion of said sum; that said execution was levied, against said Fort as trustee, on the property so held by him, which is the property now in dispute, which, after due advertisement, was sold by the sheriff to R. B. Stephens as highest bidder for $350; that Stephens received a sheriff's deed and went into possession on November 5, 1901; that the proceeds were applied to payment of balance due on said execution and costs, leaving $258.32 which was turned over to Fort as trustee aforesaid; that Stephens sold said land to one Lawson, who in turn sold the same; that the same was finally purchased under chain of title by defendant, who has possessed it since February 1, 1926; and that the plaintiff in the present action, who is administrator of the estate of John E. Amos, trustee, is estopped from asserting title to said land, as plaintiff and his predecessors in trust accepted a large portion of the proceeds of said sale, and since said sale each trustee or representative has kept said funds in lieu of said property; and the title of defendant and her predecessors, hitherto uninterrupted since 1901, has ripened into a perfect title by prescription.

On the trial the evidence substantiated the case made by the answer. The court directed a verdict for the defendant. To this judgment the plaintiff excepted on the grounds that it was contrary to law and the evidence, and that the only verdict that could legally have been directed was a verdict for the plaintiff.

*W. M. Clark,* for plaintiff.

*Willingham & Willingham,* for defendant.

GILBERT, J. 1. Construing items 3 and 10 of the will together, consistently with the cardinal rule that the intention of the testator must control, E. M. Amos created a trust for his mentally incapable son, John E. Amos, in the real estate described, and appointed a trustee upon whom he imposed the duty "to hold for the use of the said John E. the property herein bequeathed to him for and during the term of his life or the continuance of his lunacy," and upon whom was imposed the specific duty to "apply such portion of the income of said property to the use of the said John E. as the said trustee shall deem necessary for the comfort of said John

E., and the remainder of any such income, after paying any expenses for taxes, insurance, and repairs, shall be equally divided annually among my lawful heirs." Under said items of the will the trustee named therein took legal title and held it for the benefit of the cestui que trust, John E. Amos. The latter took the equitable title.

2. Paragraph 8 of the petition alleges that the title to the property under the will was vested in John E. Amos, and the answer admits that allegation. The plaintiff insists that this admission is conclusive upon the defendant. We hold that the admission is not conclusive on the question of what title John E. Amos had under the will.

3. As the trustee held legal title to the property, and a judgment having been rendered against him as such trustee, followed by execution, levy, and sale of the property by the sheriff after due advertisement, and sheriff's deed made to the purchaser, such deed at least constituted color of title. The deed having been executed in 1901, and the grantee therein and successive transferees having occupied the premises under color of title from the date of said deed until the filing of this suit to the May term, 1927, of the court, prescriptive title under color had ripened against the trustee, which bars the cestui que trust, his heirs and administrators. It follows that the court did not err in directing a verdict for the defendant.

*Judgment affirmed. All the Justices concur.*